FILED
MAY 12 2011

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

MICHAEL PETTIT,

            Petitioner,

v.

MARK NOOTH, Superintendent of Snake River Correctional Institution,

            Respondent.

Civ. No.: 09-1281-AC

FINDINGS AND RECOMMENDATION

ACOSTA, Magistrate Judge:

    Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus should be DENIED.

FINDINGS AND RECOMMENDATION    1

*Factual Background*

On January 13, 2003, a Marion County grand jury indicted Petitioner on charges of Kidnapping in the First Degree and Attempted Rape in the First Degree. The charges arose from an incident earlier that month. Petitioner grabbed a woman running on a trail, held a knife to her face, and threatened her in an attempt to rape her in the bushes nearby. She escaped, and Petitioner immediately confessed his crimes to the police. At the time, Petitioner was on parole for convictions of Kidnapping in the First Degree and Attempted Rape in the First Degree. Those crimes occurred in 1988 under similar circumstances.

On April 8, 2003, Petitioner waived his right to a jury trial and pleaded guilty to both counts. Under the terms of Petitioner's plea agreement, the State agreed not to recommend a sentence greater than 258 months in prison.[1] The sentencing judge ultimately imposed an upward durational departure sentence of 240 months on the Kidnapping conviction and a concurrent sentence of 18 months on the Attempted Rape conviction, plus 36 months of post-prison supervision. The Judge based the upward durational departure sentence on his finding that prior treatment and sanctions had failed to deter Petitioner from committing new criminal behavior. Petitioner did not object to the judge's finding or to his sentence at the hearing.

Petitioner then filed a direct appeal. He argued that his upward departure sentence was based on factors not alleged in the indictment, submitted to a jury, or proved beyond a reasonable doubt. The Oregon Court of Appeals initially vacated the sentence and remanded the case for resentencing.

---

[1] At the time of Petitioner's sentencing hearing in May 2003, Oregon's sentencing guidelines provided that the presumptive sentence for Kidnapping in the First Degree was 116 to 120 months in prison with a maximum possible sentence of 240 months. The State sought 240 months for the Kidnapping conviction and a consecutive sentence of 18 months on the Attempted Rape conviction, with 102 months of post-prison supervision.

FINDINGS AND RECOMMENDATION    2

The State moved for reconsideration, which the Court of Appeals granted, and then withdrew the opinion and affirmed the sentence, citing several recently decided Oregon Supreme Court cases. *State v. Pettit*, 207 Or. App. 296 (2006) (citing *State v. Perez*, 340 Or. 310 (2006); *State v. Gornick*, 340 Or. 160 (2006)).[2] The Oregon Supreme Court denied review.

Petitioner sought state post-conviction relief ("PCR"). Petitioner argued his trial counsel was ineffective in failing to object to the upward departure sentence. The PCR trial court denied Petitioner's claims, finding that his counsel was not inadequate for failing to anticipate the holding in *Blakely*, which was decided after Petitioner's sentencing. Petitioner appealed this decision and the Oregon Court of Appeals summarily affirmed and the Oregon Supreme Court denied review. Resp Exh. 136, 138.

On October 26, 2009, Petitioner filed his federal habeas corpus action in this court. Petitioner alleges five grounds for relief:

> **Ground One:** The state of Oregon lacks subject matter jurisdiction to sentence Petitioner to an upward departure based on elements that were not plead in an indictment and proven beyond a reasonable doubt to a jury. This is in violation of the Oregon State Constitution Article I § 11 and the Constitution of the United States, Amendments 5, 6, and 14.
>
> **Ground Two:** The imposition of an upward departure sentenced based on judicially found facts that were not alleged in the indictment, admitted by the defendant, or proven to the jury beyond a reasonable doubt constitutes plain error under the Sixth Amendment to the U.S. Constitution.

---

[2] In *Perez* and *Gornick*, the Oregon Supreme Court held that the Court of Appeals had improperly considered as plain error unpreserved claims of sentencing error under the Sixth Amendment, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004).

FINDINGS AND RECOMMENDATION    3

**Ground Three:** Trial counsel was ineffective in failing to argue that any departure sentence imposed by the court should have been proven beyond a reasonable doubt by the fact finder.

**Ground Four:** Trial counsel was ineffective in failing to argue that any factors used to justify a departure sentence must be pled in the indictment.

**Ground Five:** Trial counsel was ineffective in failing to object to the imposition of Petitioner's departure sentence.

Respondent argues that the trial error claims alleged in Grounds One and Two are procedurally defaulted because they were not "fairly presented" to Oregon's Supreme Court as required by the doctrine of exhaustion. Respondent also argues that Petitioner's claims are without merit and that the state-court decisions denying relief to him are entitled to deference under § 2254. Petitioner does not address Grounds One and Two in his Brief in Support of Habeas Petition.

*Discussion*

I. Procedural Default

    A.   *Legal Standards*

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust all available state remedies, 28 U.S.C. § 2254(b)(1), giving the State the "opportunity to pass upon and correct" alleged violations of prisoners' federal rights, *Duncan v. Henry*, 513 U.S. 364, 365 (1995). To provide the State with this required opportunity, the prisoner must "fairly present" his claim to the highest state court, including courts with powers of discretionary review, so as to alert that court to the federal nature of the claim. *Id.* at 365-366; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Generally, the submission of a new claim to a state's appellate court on review does not constitute a fair presentation of the issue for exhaustion purposes. *Castille*, 489 U.S. at 351.

FINDINGS AND RECOMMENDATION    4

The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider the petitioner's claims and that opportunity might still be available under state law. 28 U.S.C. § 2254(c). In contrast, the procedural default rule barring consideration of a federal claim applies in two situations: 1) when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons; or 2) if it is clear that the state court would hold the claim procedurally barred. *Franklin v. Johnson*, 290 F.3d 1223, 1230-1231 (2002) (quoting *Harris v. Reed*, 489 U.S. 255, 263 & n. 9 (1989)).

Under the independent and adequate state ground doctrine, a federal habeas review is prohibited when a state court declined to address a prisoner's federal claims on the grounds that the prisoner had failed to meet a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 81, 87, 97 (1977). A state procedural rule constitutes an adequate bar to federal court review if it was "firmly established and regularly followed" at the time the rule was applied by the state court. *Poland v. Stewart*, 169 F.3d 573 (9th Cir. 1999) (quoting *Ford v. Georgia*, 498 U.S. 411 (1991)).

On federal habeas review, once the state has adequately pleaded the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner, who may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of state rule at issue. *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003), *cert. denied*, 540 U.S. 938 (2003)  Once a petitioner has done so, the burden then shifts back to the government, and it bears "the ultimate burden of proving the adequacy" of the relied-upon ground. *Id.* at 585-86.

FINDINGS AND RECOMMENDATION    5

There is a plain difference in how a petitioner's claims are treated if they are unexhausted versus procedurally defaulted. *Id.* at 1231. If a petitioner's claims are not yet exhausted, the district court can dismiss those claims without prejudice to give the petitioner a chance to return to state court to litigate those claims before the federal court will consider his claims. *Id.* When a petitioner's claims are procedurally defaulted, however, and a petitioner cannot show cause and prejudice for the default, the district court must dismiss those claims from the petition because the petitioner has no further recourse in regard to those claims in state court. *Id.* Therefore, for purposes of federal habeas relief, claims can be procedurally defaulted even if they are not exhausted. *Cooper v. Neven*, No. 08–16973, 2011 WL 1204201, at *3 (D. Or. Apr. 1, 2011).

When a state prisoner has defaulted his federal claims in state court, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Cause" is defined as a legitimate excuse for the default, while "prejudice" is defined as any actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir.1984), cert. denied, 490 U.S. 1068. A petitioner can demonstrate a fundamental miscarriage of justice by establishing that "under the probative evidence he has a colorable claim of factual innocence." *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992) (quotation marks omitted).

B.  *Analysis*

In this case, Petitioner argued on direct appeal for the first time that his upward departure sentence violated his right to due process and right to a jury trial because the facts used to impose the sentence were not pleaded in the indictment and were determined by a judge, rather than a jury.

FINDINGS AND RECOMMENDATION   6

Because Petitioner did not object on these grounds at the sentencing hearing, Petitioner did not properly preserve claims one and two in order to present them to the Oregon Court of Appeals. Under Oregon Rule of Appellate Procedure 5.45, claims may not be raised for the first time on appeal unless they fall into the "plain error" exception. OR. R. APP. P. 5.45. Therefore, unless Petitioner's unpreserved claims regarding sentencing under *Apprendi* constitute "plain error," it is clear that the state courts would find the claims procedurally barred.

In *Oregon v. Gornick*, however, the Oregon Supreme Court held that unpreserved *Apprendi* claims do not fit within the "plain error" exception. 340 Or. 160 (2006). Accordingly, as other judges in this court have held, an *Apprendi* claim that is presented for the first time on direct appeal is not considered to be "fairly presented" for federal habeas purposes. *See, e.g., Houff v. Blacketter*, No. 06-445-PK, 2009 WL 252156 (D. Or. Feb. 02, 2009); *Knight v. Belleque*, 2008 WL 4200093, No. 06-345-TC (D. Or. Sep. 11, 2008). Because Petitioner's first and second claims were not preserved for appeal and do not constitute "plain error," they are procedurally defaulted.

Petitioner does not discuss in his Brief in Support of the Petition the claims the State contends were procedurally defaulted at the state level. In particular, Petitioner did not argue that the "plain error" rule, the state procedural rule used to procedurally default his first and second claims, was not an independent or adequate state rule, and Petitioner provides no evidence of cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default. As such, federal habeas corpus relief may not be granted on the claims alleged in grounds one and two.[3]

---

[3] Petitioner is currently barred from filing any additional appeals or PCR proceedings. ORS 138.071(1) requires that a notice of appeal must be served and filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires PCR appeals to be filed within 30 days after entry of final judgment. ORS 2.520 allows any

FINDINGS AND RECOMMENDATION    7

II. Relief on the Merits

A.  *Legal Standards*

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. A litigant seeking a writ of habeas corpus from the district court must first exhaust the remedies available to him through the state courts. 28 U.S.C. § 2254(b)(1).

When a petitioner has exhausted his federal claims, however, this Court may grant a writ of habeas corpus only if the state court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United State Supreme Court; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). Section 2254(d) is designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions. *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011). Section 2254(d)(1) applies to challenges to purely legal questions resolved by the state court, while § 2254(d)(2) applies to purely factual questions. *Lambert v. Blodgett*, 393 F.3d 943, 978 (9th Cir. 2004), cert. denied, 546 U.S. 963 (2005).

---

party that is aggrieved by a decision of the Court of Appeals to petition the Supreme Court for review within 35 days after the date of the decision. ORS 138.550(3) provides that all grounds for relief claimed by petitioner in a PCR petition must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

FINDINGS AND RECOMMENDATION   8

Section 2254(d)(1), set out above, consists of two alternative tests: the "contrary to" test and the "unreasonable application" test. *Cordova v. Baca*, 346 F.3d 924, 929 (9th Cir. 2003). Under the first test, the state court's "decision is contrary to clearly established federal law if it fails to apply the correct controlling authority, or if it applies controlling authority to a case involving facts materially indistinguishable from those in a controlling case, but nonetheless reaches a different result." *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003) (citing *Williams v. Taylor*, 529 U.S. 362, 413-414 (2000)), *cert. denied*, 540 U.S. 968 (2003).

Under the second test, "'[a] state court's decision involves an unreasonable application of federal law if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case.'" *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003) (quoting *Clark*, 331 F.3d at 1067), cert. denied, 541 U.S. 1037 (2004). Under the "'unreasonable application' clause . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Clark*, 331 F.3d at 1068 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 74-75 (2003)). Instead, the application must be objectively unreasonable. *Id*. When evaluating whether the state decision amounts to an unreasonable application of federal law, "[f]ederal courts owe substantial deference to state court interpretations of federal law." *Cordova*, 346 F.3d at 929.

Under § 2254(d)(2), which involves purely factual questions resolved by the state court, "the question on review is whether an appellate panel, applying the normal standards of appellate review, could reasonably conclude that the finding is supported by the record." *Lambert*, 393 F.3d at 978; *see also Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004) ("a federal court may not second-guess

FINDINGS AND RECOMMENDATION    9

a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable"), cert. denied, 534 U.S. 1038 (2004).

In examining the record under § 2254(d)(2), the federal court must be particularly deferential to the state courts. "[M]ere doubt as to the adequacy of the state court's findings of fact is insufficient; 'we must be satisfied that *any* appellate court to whom the defect [in the state court's fact-finding process] is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate.'" *Lambert*, 393 F.3d at 972 (quoting *Taylor*, 366 F.3d at 1000). In conducting its review, the Court "look[s] to the last-reasoned state-court decision." *Van Lynn*, 347 F.3d at 738.

The standards set out in § 2254(d) may appear difficult to meet because, in fact, they are. *Harrington*, 131 S. Ct. 770, 786 (2011). Section 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Id.* The standard preserves authority to issue a writ of habeas corpus when there is "no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Id.*

The Sixth Amendment has been interpreted to guarantee a criminal defendant the right to effective assistance of counsel at all critical stages of a criminal proceeding that implicates substantial rights of the accused. *Menenfield v. Borg*, 881 F.2d 696, 698 (9th Cir. 1989). Sentencing is considered to be a critical stage. *Mempa v. Rhay*, 389 U.S. 128, 134 (1967). If the Sixth Amendment right to counsel is violated, the defendant may use the violation to argue for federal habeas corpus relief under § 2254(d)(1).

Ineffective assistance claims are judged by the standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires the defendant to prove that 1) counsel's performance was deficient -- that the attorney made errors so serious that he was not actually functioning as the "counsel" the Sixth Amendment guarantees; and 2) deficient performance prejudiced the defendant -- that counsel's errors were so serious as to deprive defendant of a fair trial with a reliable result. 466 U.S. at 687. In addition, the defendant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689. In granting such deference to counsel, the court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

B.     *Analysis*

1.     Deficient Performance

In claims three, four, and five, Petitioner argues that his trial counsel was ineffective for failing to: 1) argue that any departure sentence imposed by the court should have been proven beyond a reasonable doubt by the fact finder; 2) argue that any factors used to justify a departure sentence must be pled in the indictment; and 3) object to the imposition of Petitioner's departure sentence. To succeed in these arguments, Petitioner must first show that counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms and considering all of the circumstances at the time of representation. *Id.* at 688. According to the controlling authority at the time of Petitioner's sentencing, including *Apprendi*, and *State v. Dilts*, 179 Or. App. 238 (2002), counsel's performance was not deficient.

At the time Petitioner was sentenced in 2003, *Apprendi* was the primary U.S. Supreme Court case applicable to departure sentences. The Supreme Court held in *Apprendi* that under the Sixth Amendment, any fact other than that of a prior conviction "that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490 (emphasis added). *Apprendi* did not explicitly define the "prescribed statutory maximum." Both state and federal courts interpreted that phrase to mean the statutory maximum sentence for the specific class of offense. *See Peralta-Basilio v. Hill*, 203 Or. App. 449, 454 (2005) (listing cases from each circuit with such an interpretation of *Apprendi*). For example, in *State v. Dilts*, 179 Or. App. 238 (2002), the Court of Appeals held that the "prescribed statutory maximum" sentence referred to in *Apprendi* was the statutory maximum sentence for the specific class of offense, not the maximum presumptive sentence set by the sentencing guidelines.[4]

At the time of Petitioner's sentencing, the statutory maximum sentence for Kidnapping in the First Degree was 240 months, which was exactly what Petitioner received. Because Petitioner's sentencing was consonant with the law at the time of his sentencing, his trial counsel could not have been ineffective for failing to: 1) argue that any departure sentence imposed by the court should have been proven beyond a reasonable doubt by the fact finder; 2) argue that any factors used to justify

---

[4]The U.S. Supreme Court later vacated this decision and remanded the case for reconsideration in light of *Blakely*. *Dilts v. Oregon*, 542 U.S. 934 (2004). However, the case is just one example of how "most observers did not foresee the new constitutional definition of 'statutory maximum' the *Blakely* Court would pronounce." *Peralta-Basilio*, 203 Or App at 454 (quoting Kevin R. Reitz, The New Sentencing Conundrum: Policy and Constitutional Law at Cross-Purposes, 105 Colum. L. Rev. 1082, 1091-92 (2005)).

FINDINGS AND RECOMMENDATION    12

a departure sentence must be pled in the indictment; or 3) object to the imposition of Petitioner's departure sentence.

Petitioner correctly contends that *Blakely*, decided in June of 2004, roughly one year after Petitioner's sentencing but during the pendency of Petitioner's direct appeal, altered the court's understanding of "statutory maximum." However, Petitioner's argument that counsel should have foreseen *Blakely*'s holding is without merit. *See Lutz v. Hill*, 205 Or. App. 252, 256 (2006); *Miller v. Lampert*, 340 Or. 1, 13-17 (2006); and *Peralta-Basilio*, 203 Or. App. 449, 554-555.

Prior to *Blakely*, almost every federal circuit court had concluded that "a departure from a presumptive sentence did not run afoul of *Apprendi* as long as the upward departure was authorized under the sentencing guidelines and did not exceed the statutory maximum" for the crime. *Peralta-Basilio*, 203 Or. App. at 453. Simply put, "the rule announced in *Blakely* was not apparent to all reasonable jurists, nor was it dictated by precedent." *Schardt*, 414 F.3d at 1035. Trial counsel was not ineffective for failing to foresee *Blakley* considering that "*Strickland* does not mandate prescience, only objectively reasonable advice under prevailing professional norms." *Sophanthavong v. Palmateer*, 378 F.3d 859, 870 (9th Cir. 2004). Because Petitioner's counsel correctly applied the law at the time of Petitioner's sentencing, and was not unreasonable in failing to predict future law, *Blakely*, Petitioner's counsel provided effective representation.

    2.    Prejudice

When a court is addressing an ineffective assistance claim, it need not approach the inquiry in any set order or even address both components of the inquiry if the petitioner makes an insufficient showing of one of the components. *Strickland*, 466 U.S. at 697. Petitioner's counsel

provided effective representation and therefore, this Court does not need to analyze the second element of prejudice.

*Recommendation*

For the reasons stated above, I recommend that the Petition For Writ of Habeas Corpus be DENIED, and that a judgment of DISMISSAL be entered.

A certificate of Appealability should be DENIED as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253 (c)(2).

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due May 26, 2011. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 11th day of May, 2011.

JOHN V. ACOSTA
United States Magistrate Judge